## Caiazzo v. North American Specialty Insurance Co.

C.P. of Philadelphia County, August Term 2005, no. 1577.

*Robert A. Gelinas,* for plaintiffs.
*Jonathan Dryer* and *Thomas Patrick Kelly,* for defendants.

PAPALINI, *J.,* January 5, 2007—Plaintiffs have filed an appeal of our order of September 27, 2006, granting the motion of defendant North American Specialty Insurance Company to transfer venue to Dauphin County

on the grounds of forum non conveniens, Pennsylvania Rule of Civil Procedure 1006(d)(1).

Plaintiffs, by attorney Robert A. Gelinas, Esquire, brought this action in 2005, in the Court of Common Pleas of Philadelphia County, against North American Specialty Insurance Company (NASIC) and the Pennsylvania Financial Responsibility Assigned Claims Plan seeking first party, medical and/or uninsured motorist benefits.[1]

## I. FACTUAL HISTORY

(1) On August 13, 2001, there was a motor vehicle accident in Harrisburg, Dauphin County, Pennsylvania, involving a city bus, a taxi owned by Capital City Cab Company and a third vehicle owned and operated by B. L. Mosley.

(2) Cheryl F. Cannon, I'Yahnna Cannon, and minors Montae Cannon, Inayah Cannon, Meshach Cannon and Elijah Cannon, were occupants of the cab. Cheryl was killed; the others were injured.

(3) Defendant NASIC insured Capital City Cab Company but denied coverage, contending that the particular vehicle involved in the accident was not insured under the policy.

(4) All lawsuits for personal injury had previously been filed in the Court of Common Pleas of Dauphin County. They include a personal injury, wrongful death and survival action filed by Mr. Gelinas in 2003 on behalf of Cheryl F. Cannon, I'Yahnna Cannon, Montae Cannon,

---

1. The action was commenced by the filing of a writ of summons on August 11, 2005. A complaint was filed on September 6, 2006.

Inayah Cannon and Meshach Cannon, five of the same plaintiffs named in this action against NASIC and numerous other defendants. (*Cannon v. Mosley,* C.P. Dauphin Cty., 2003 CV 3169.)

(5) Also, prior to the institution of this action, Capital City Cab Company filed a declaratory judgment action in the Court of Common Pleas of Dauphin County against NASIC to determine coverage. Plaintiff Elijah Cannon is not a party to that action nor is the Assigned Claims Plan.

(6) There is venue in Philadelphia County because NASIC does business here. Also, estate administrator Anthony J. Caiazzo Jr. is an attorney with an office in Philadelphia and guardian Mamie Evans resides in Philadelphia.

(7) The insurance policy in question was written in Dauphin County.

(8) NASIC's main office is in New Hampshire.

(9) All the persons who were actually injured in the accident resided in Dauphin County. There was no treatment in Philadelphia or any other direct contact with this county.

(10) On July 17, 2006, Assigned Claims Plan filed a motion for summary judgment.

(11) On August 1, 2006, defendant NASIC filed a motion to transfer venue. The motion was opposed by both the plaintiffs and defendant Assigned Claims Plan.

## II. DISCUSSION

The only issue in this case is whether we erred by transferring venue to the Court of Common Pleas of Dauphin County on grounds of forum non conveniens.

In *Wood v. E.I. du Pont de Nemours and Company,* 829 A.2d 707 (Pa. Super. 2003), our Superior Court set forth the criteria for determining when a change of venue based on forum non conveniens is warranted:

"The seminal case regarding transfers based on forum non conveniens is *Cheeseman* [*v. Lethal Exterminator Inc.,* 549 Pa. 200, 701 A.2d 156 (1997)]. Our Supreme Court reasoned as follows. First, 'a trial court, even if congested, must give deference to the plaintiff's choice of forum[.]' *Cheeseman,* 701 A.2d at 162. The plaintiff's choice of forum should 'rarely be disturbed' by the grant of a petition under Rule 1006(d)(1). *Id.* Next, 'a petition to transfer venue should not be granted unless the defendant meets its burden of demonstrating, with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant.' *Id.* The defendant may meet this burden in one of two ways: (1) by showing 'with facts on the record that the plaintiff's choice of forum was designed to harass the defendant, even at some convenience to the plaintiff himself'; or (2) by showing 'on the record that trial in the chosen forum is oppressive to him; for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute.' *Id.*

"The *Cheeseman* court stressed that 'the defendant must show more than the chosen forum is merely inconvenient to him.' *Id.* A mere showing 'that no significant aspect of the case involves the chosen forum, and that litigating in another forum would be more convenient,' is insufficient. *Id.* Finally, the trial court's own conges-

tion or backlog is not a relevant factor. *Id.*" (829 A.2d at 711-12.)

In the case at bar, we found that the only connection this case has to Philadelphia is that plaintiffs' attorney Mr. Gelinas, estate administrator Caiazzo and a guardian of a minor, Mamie Evans, work or reside here.[2]

It was clearly not inconvenient or oppressive for Mr. Gelinas to litigate this matter in Dauphin County because he already has a personal injury lawsuit on behalf of the plaintiffs pending there. That suit appears to be complex and time-consuming in terms of both liability and damages. It appears that all of the facts witnesses regarding liability and damages reside in or near Dauphin County. Therefore, this court anticipated that Mr. Gelinas will be required to spend a great deal of time in Dauphin County.

Defendant Assigned Claims Plan litigates throughout the Commonwealth, so change of venue was not a burden for it.

We found that going forward with this suit in Philadelphia *was* burdensome and oppressive to defendant NASIC for three reasons. First, NASIC would have to simultaneously defend similar actions in jurisdictions over 100 miles apart. Second, there existed the real possibility of conflicting decisions as to the liability of NASIC which could be rendered by the Dauphin County court on the declaratory judgment action and the Philadelphia court on this action. Third, if any fact witnesses

---

2. We note that in the personal injury action, I'Yahnna Cannon is listed as the administratrix of the estate of Cheryl F. Cannon, not attorney Caiazzo.

are required to establish first party, medical and/or uninsured motorist benefits, they all appear to be located in Dauphin County.

For those reasons we properly granted the motion and ordered this matter transferred to the Court of Common Pleas of Dauphin County.